**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NAHIDEH MOUSAVI and SEYEDJAVAD SEYEDZADEHSABOUNCHI, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, 20 Massachusetts Avenue, NW Washington, DC 20529 <br><br> REX W. TILLERSON, Secretary of State of the United States, 2201 C Street, NW Washington. D.C., 20520 <br><br> CARL RISCH, Assistant Secretary of Consular Affairs, 2201 C Street NW Washington, DC 20520 <br><br> KARIN M. KING, Director, Visa Office, Department of State, 2201 C Street NW Washington, DC 20520 <br><br> BARBARA A. LEAF, Ambassador, U.S. Embassy in Abu Dhabi, 2201 C Street NW Washington, DC 20520 <br><br> PAUL R. MALIK, Consul General, U.S. Consulate General in Dubai, 2201 C Street NW Washington, DC 20520 <br><br> L. FRANCIS CISSNA, Director, U.S. Citizenship and Immigration Services, 20 Massachusetts Ave NW, Washington, DC 20008 <br><br> ELAINE DUKE, Acting Secretary, U.S. Department of Homeland Security, 3801 Nebraska Ave, NW Washington, D.C. 20016 <br><br> *Defendants*. | **PETITION FOR WRIT OF MANDAMUS** <br><br> Civil Action No. |

Plaintiffs, NAHIDEH MOUSAVI and SEYEDJAVAD SEYEDZADEHSABOUNCHI, by and through the undersigned attorneys, sues the Defendants and allege as follows:

1. Plaintiffs Nahideh Mousavi and SeyedJavad Seyedzadehsabounchi respectfully bring this petition for Writ of Mandamus seeking an Order directing Defendants to adjudicate Plaintiffs' B1/B2 Business & Tourism DS-160 Temporary Visitor) Application (Case Number: 20162425281, DS-160 Numbers: AA0067ZHE6 and AA0065XMAQ) (the "Application"), which they submitted pursuant to the United States Department of State Consular Electronic Applications Center on U.S. Citizenship and Immigration Services' ("USCIS") in July 2016. On August 8, 2016, the Plaintiffs scheduled their interview which took place on on August 31, 2016. Their Application has been stalled in Administrative Processing in the U.S. Embassy in Dubai since then.

2. Plaintiffs have inquired three times with the Dubai Consulate and received responses each time (on March 12, 2017, August 6, 2017 and September 12, 2017) stating that the Application was under administrative review pursuant to section 221(g) of the United States Immigration and Nationality Act.

3. Plaintiffs are law abiding individuals and, upon information and belief, are not subject to any ground for inadmissibility.

4. Seyedjavad Seyedzadehsabounchi is a 69 year old chemistry professor at Bu-Ali Sina University located in Hamedan, Iran.

5. Nahideh Mousavi is a 61 year old homemaker.

6. Plaintiffs own six apartments in Hamedan and one apartment in Tehran.

7. Plaintiffs have extensive family in Iran: Nahideh Mousavi has one sister and one brother in Iran, with nephews, grand nephews, nieces, and several cousins. Mr.

Seyedzadehsabounchi has three sisters and three brothers in Iran, as well as cousins, nephews and nieces.

8. The Plaintiffs wish to visit the United States to visit with their three daughters who are residing in Binghamton, New York.

9. One of the Plaintiffs' daughters, Nasim is a permanent U.S. resident, and an Assistant Professor at State University of New York at Binghamton.

10. The eldest and youngest of Plaintiffs' daughters, are studying in the U.S. on F1 student visas. The youngest daughter has a single entry visa and cannot travel in and out of the U.S. Thus, if the Plaintiffs cannot visit United States, they will not be able to see their daughter for years until she is done with her course of study here for her master's program.

11. The eldest sister, Shabnam is also in the U.S. on an F1 student visa and is studying at the University of Binghamton.

**PARTIES**

12. Plaintiffs are Iranian nationals residing in Iran.

13. Defendant USCIS is charged with the oversight, administration and execution of immigration laws of the United States.

14. Defendant REX W. TILLERSON is the Secretary of State of the United States. This suit is brought against Secretary Tillerson in his official capacity, as he is charged with the administration and the enforcement of immigration and nationality laws relating to the powers, duties, and functions of diplomatic and consular officers of the United States.

15. Defendant CARL RISCH is the Assistant Secretary for Consular Affairs of the Department of State. This suit is brought against Assistant Secretary Risch is his official capacity, as he is charged with oversight of all consular, including visa, matters.

16. Defendant KARIN M. KING is the Managing Director of the Visa Office of the Department of State. This suit is brought against Managing Director King in her official capacity, as she is charged with all matters relating to visas and the administration of visa-related laws.

17. Defendant BARBARA A. LEAF is the Ambassador of the United States Embassy in Abu Dhabi. This suit is brought against Ambassador Leaf in her official capacity, as the Ambassador is responsible for the operation of the U.S. Embassy in Abu Dhabi, including the consular section.

18. Defendant PAUL R. MALIK is the Consul General of the U.S. Consulate General in Dubai. This suit is brought against Consul General Malik in his official capacity, as he is responsible for oversight of all consular activities of the Consulate General.

19. Defendant L. FRANCIS CISSNA is the Director of the U.S. Citizenship and Immigration Services. This suit is brought against Director CISSNA in his official capacity, as he is charged with the oversight, administration and execution of immigration laws of the United States.

20. Defendant ELAINE DUKE is the Secretary of the Department of Homeland Security. This suit is brought against Secretary Duke in her official capacity, as she is charged with the administration and enforcement of all immigration and citizenship laws that are bound in the powers, duties and functions of the Department of Homeland Security.

## JURISDICTION AND VENUE

21. Jurisdiction of the Court is predicated upon 8 USC § 1181, *et seq.*, 28 USC §§ 1331 and 1361 in that the matter in controversy arises under the Constitution and the laws of the

United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 USC § 2201, the Declaratory Judgment Act; 5 USC § 702, the Administrative Procedures Act provisions enabling judicial review of agency action; and, 28 USC § 1361, regarding an action to compel an officer of the United States to perform his or her duty. Attorney's fees shall be bought pursuant to 5 USC § 504 and 28 USC § 2412(d).

22. Venue is proper in this District under 28 USC § 1391(e), because the Defendants are officers or employees of the United States acting in their official capacities in this district.

### FIRST CAUSE OF ACTION – WRIT OF MANDAMUS

23. Defendants owe Plaintiffs a duty to adjudicate the Application.

24. The adjudication of the Application is a nondiscretionary duty imposed upon Defendants by statute and / or regulation.

25. Defendants owe Plaintiff a duty to adjudicate the Application in a timely manner.

26. Defendants have failed and refused to adjudicate the Application.

27. Defendants' delay is unreasonable.

28. Plaintiff has exhausted all available remedies through multiple inquiries into the status of the Visa Application.

29. Based on the foregoing, Defendants have failed to carry out their duties and obligations under the law and the Plaintiff is entitled to an order directing Defendants to adjudicate its Petition forthwith.

### SECOND CAUSE OF ACTION – ADMINISTRATIVE PROCEDURE ACT

30. Defendants are obligated to adjudicate petitions submitted to them in a reasonable time by the Administrative Procedures Act, 5 U.S.C. § 555(b).

31. Defendants have failed to perform their statutory duty to timely adjudicate the Application presented to them under the Administrative Procedures Act.

32. Courts may "compel agency action unlawfully held or unreasonably delayed" when the agency action is legally required, pursuant to 5 U.S.C. § 706(1).

33. The Administrative Procedures Act requires the USCIS to adjudicate the Application.

34. USCIS does not have the discretion to fail and refuse to adjudicate the Application, thereby abdicating its legal duty to process the Application.

35. Defendants' failure to adjudicate is arbitrary, capricious and/or motivated by animus.

36. The USCIS has far exceeded the 30-day processing time deemed by Congress to be reasonable for adjudications of immigration (8 U.S.C. § 1571[b]).

37. As a result of Defendants' failure to comply with the Administrative Procedure Act, Plaintiff has been damaged and has incurred the costs of litigation and reasonable attorneys' fees in preparing this action.

38. Based on the forgoing, Plaintiff requests an order directing Defendants to adjudicate the Petition forthwith.

## PRAYER FOR RELIEF

The Plaintiff requests the Court grant the following relief:

1. Order Defendants to adjudicate the Petition within 30 days or other reasonable period of time as determined by the Court.

2. Retain jurisdiction during the adjudication of the Petition in order to ensure compliance with the Court's orders.

3. Award reasonable costs and attorneys' fees; and

4. Grant such other relief as the Court may deem just and proper.

    Dated:  11/15/2017

    /s/ Ryan C. Posey_____
    Ryan C. Posey (D.C. Bar #1000581)
    POSEY LEBOWITZ PLLC
    3221 M Street NW
    Washington DC 20007
    202-524-0123 ext 2
    202-810-9009 (fax)

    Attorneys for the Plaintiffs
    NAHIDEH MOUSAVI and
    SEYEDJAVAD
    SEYEDZADEHSABOUNCHI

Of counsel:

Anthony N. Elia, III, Esq.
Miller Mayer LLP
PO Box 6435
Ithaca, NY 14851

*Attorneys\* for the Plaintiff*
Not admitted in U.S.D.D.C